UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 19-10395-LTS |
| ANA ACOSTA GRAJEDA. | ) ) ) | |

ORDER ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 178)

September 14, 2022

SOROKIN, J.

      Ana Acosta Grajeda, who is presently serving a sentence for a federal drug offense, seeks an order reducing her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the combination of her significant documented health conditions and the ongoing COVID-19 pandemic as extraordinary and compelling reasons justifying her release. Doc. No. 178. The government calls her request "premature" and urges the Court to deny it without prejudice. Doc. No. 193. For the reasons that follow, the Court ALLOWS Grajeda's motion.

I.      BACKGROUND

      On September 23, 2021, Grajeda pleaded guilty to one count of possessing with intent to distribute cocaine. Doc. Nos. 116, 170. The Court sentenced Grajeda on June 30, 2022, to sixty months' incarceration—the mandatory minimum term required by law and recommended by both parties. See Doc. Nos. 166, 168, 170. Detained since her arrest in this matter on September 11, 2019, Grajeda has served approximately thirty-six months of her sentence; her release date, according to the Bureau of Prisons ("BOP"), is presently December 14, 2023.[1]

---

[1] This is according to the BOP's online inmate locator, which also confirms Grajeda has not yet been transferred from Wyatt Detention Center (where she remains in the custody of the United States Marshals Service, or USMS) into BOP custody as of the date of this Order.

Grajeda is nearly fifty-nine years old; she suffers from metastatic renal cancer and has a documented history of hypertension and diabetes. The most recent records before the Court show that, despite the removal in March 2022 of one kidney, Grajeda's doctors believe her cancer continues to spread, and that various obstacles have delayed or impeded her treatment. E.g., Doc. No. 188 at 96-103 (noting diabetes symptoms prevented certain scans, tests preceding March surgery suggested cancer was already spreading then, complications arose during post-operative care, June 2022 hospital admission for chest pain, side effects and development of new health concerns that led to interruption of immunotherapy treatment for cancer, and tests suggesting presence of cancer in and around her liver requiring further evaluation). Besides placing Grajeda at an elevated risk of suffering serious illness or death, should she contract COVID-19,[2] her various conditions also cause her to experience symptoms such as significant fatigue and dizziness. Id.

On August 18, 2022, Grajeda filed a Motion for Compassionate Release in which she asks the Court to reduce her sentence "to time served" so that she may return to her family and have their support "as she continues to battle the ravages of her Stage IV cancer diagnosis," and in the event that "all treatment options fail." Doc. No. 178 at 2, 8-9. Her request arises under a provision in 18 U.S.C. § 3582(c) that allows for modification of imposed terms of imprisonment if "extraordinary and compelling reasons warrant such a reduction." Grajeda supported her motion with recent BOP medical records, Doc. No. 188, and by reference to information about

---

[2] According to the Centers for Disease Control and Prevention ("CDC"), individuals with cancer, diabetes, and "possibly" hypertension are "more likely to get very sick from COVID-19," with the "risk of severe illness" increasing "as the number of underlying medical conditions" a person has "increases." CDC, "COVID-19: People with Certain Medical Conditions," http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 13, 2022).

2

her medical conditions that was before the Court at the time of her sentencing, Doc. No. 164.

The government responded to Grajeda's motion on September 9, 2022.  Doc. No. 193. After "advis[ing]" the Court that "discussions with counsel for the [BOP]" suggested Grajeda would be transported to the Federal Medical Center-Carswell ("FMC-Carswell") in Fort Worth, Texas—"a facility for federal inmates with special medical and mental health needs"—the government noted that defendants ordinarily must exhaust compassionate-release requests by pursuing any available administrative avenues before presenting such a request to the Court.  Id. Because Grajeda has not yet arrived in BOP custody, where such avenues exist, the government urged the Court to deny her request without prejudice to her refiling it later, in the event she is denied compassionate release by the BOP after she arrives at FMC-Carswell.  Id.  Though it summarily asserts that Grajeda's medical records do not "in any comprehensible way" establish that "her condition" is severe enough to merit a sentence reduction, the government advances no developed challenge to the accuracy of the medical records, nor does it argue that other factors (e.g., public safety) should cause the Court to deny her motion.  Id.

No party has requested oral argument or sought an evidentiary hearing.  Thus, the Court resolves the motion on the papers and the record before it, including the information presented to it in connection with Grajeda's plea and sentencing.

II.     DISCUSSION

Before turning to the merits of Grajeda's request, the Court addresses its jurisdiction to consider the request in the first instance, in light of Grajeda's admitted failure to invoke and exhaust administrative avenues of presenting her request for compassionate release to the BOP. See 18 U.S.C. § 3582(c)(1)(A)(i).  The government notes exhaustion is "generally required" before a motion such as Grajeda's is presented to a federal court, but it stops short of suggesting

3

the exhaustion requirement strips this Court of jurisdiction to act in these circumstances. See Doc. No. 193 (suggesting only that denial without prejudice is "the better course" and that exhaustion "would [place the Court] in a better position to evaluate [Grajeda's] request"). Grajeda argues courts may waive or excuse compliance with statutory exhaustion requirements such as the one at issue here in certain circumstances, and she urges that this case presents such circumstances. Doc. No. 178 at 3-5.

As at least two other sessions of this Court have explained, "the exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional" and, thus, equitable exceptions may allow Grejada to obtain relief despite having failed to pursue all available administrative processes. United States v. Ramirez, No. 17-cr-10328-WGY, 2020 WL 2404858, at *6-9 (D. Mass. May 12, 2020); United States v. Guzman Soto, No. 18-cr-10086-IT, 2020 WL 1905323, *2-5 (D. Mass. Apr. 17, 2020). Here, the record before the Court establishes that requiring Grajeda to follow the course outlined by the government—that is, await her transfer to Texas (the timing of which the government neither knows for certain nor has attempted to estimate), then ask the BOP representatives operating that facility to seek compassionate release on her behalf, then either await a denial of her request or the passage of thirty days after its submission, and only then reiterate her request in this Court—risks undue prejudice in the form of continued physical suffering and potential deterioration of her already severe health conditions.

Accordingly, the Court finds that it has jurisdiction to consider the merits of Grajeda's request at this time.[3] See United States v. Colvin, 451 F. Supp. 3d 237, 239-40 (D. Conn. 2020)

---

[3] No party has suggested the mandatory-minimum sentence that applied in Grajeda's case presents an additional hurdle to compassionate release, and other courts have found defendants eligible for compassionate release from such sentences. E.g., United States v. Halvon, 26 F.4th 566, 569-70 (2d Cir. 2022).

4

(invoking exceptions to exhaustion requirement in compassionate release statute based, in part, on "the potential for serious health consequences" of further delay); cf. Swirsky v. Nat'l Ass'n of Sec. Dealers, 124 F.3d 59, (1st Cir. 1997) (discussing exceptions to statutory administrative exhaustion requirements).

The question, then, is whether, having "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a)," Grajeda has identified "extraordinary and compelling reasons" warranting a reduction in her sentence. § 3582(c)(1)(A)(i). The Court's assessment in this regard is guided by the Policy Statement of the Sentencing Commission in § 1B1.13 of the United States Sentencing Guidelines. § 3582(c)(1)(A)(ii). That statement permits a reduction in sentence if three conditions are met: 1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2), (3). The Application Notes to § 1B1.13 explain that a defendant's medical condition will amount to an extraordinary and compelling reason under § 1B1.13(1) if she is "suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [s]he . . . is not expected to recover." There is no dispute as to this basic legal framework.

Here, Grajeda's medical records demonstrate that she suffers from serious conditions, most notably late-stage cancer that appears to be spreading throughout her body despite interventions including surgery and immunotherapy. See generally Doc. No. 188. The government has not engaged with the substance of the medical records, disputed the cancer diagnosis or its severity, or made any showing that her transfer to FMC-Carswell will alter the

apparent trajectory of her disease.[4]  This Court finds that Grajeda has established an extraordinary and compelling reason for a reduction in her sentence based on evidence that she suffers from metastatic cancer—a condition expressly cited as an example of a "terminal illness" that would qualify as "extraordinary and compelling" in the Application Notes to the relevant section of the Sentencing Guidelines, in language excerpted in the government's response.  See Doc. No. 193 at 2 (quoting U.S.S.G. § 1B1.13, App. Note 1).  Thus, the Court proceeds to weigh the § 3553(a) factors and consider whether Grajeda is a danger to the safety of any other person or to the community.

According to the information presented to the Court in connection with her sentencing, Grajeda has no criminal record besides this case.  Her conviction arises from a single sale of cocaine to a cooperating witness, and she was arrested without incident.  She was not alleged to have possessed a firearm or any other weapon.  To be sure, the offense she committed—and for which she has accepted responsibility—is a serious one, meriting a serious sentence.  Grejada has now served three years in federal custody, and there is nothing before the Court suggesting she has committed any acts of violence or other infractions during that time.  In fact, the PSR documented that she worked productively at the facility where she was incarcerated beginning during the month she arrived there.  The seriousness of Grajeda's current medical condition—a substantial change from the state of affairs at the time of her crime—coupled with the absence of any suggestion by the government in its response that it believes Grajeda's release will endanger anyone, also favor a finding that Grajeda does not presently pose a danger to the safety of others or the community.

---

[4] Indeed, Grajeda's various medical conditions were described in the Presentence Investigation Report ("PSR") prepared for her sentencing and were the focus of discussion throughout the plea and sentencing phases of this case.

6

In sum, under the totality of circumstances on the record before the Court, having carefully considered the factors identified in 18 U.S.C. § 3553, the safety of the public, and the other conditions listed in § 1B1.13 of the Sentencing Guidelines, the Court finds that a reduction in Grajeda's sentence is both warranted and consistent with the Sentencing Commission's Policy Statement.

III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1) Grajeda's motion for compassionate release (Doc. No. 178) is ALLOWED.

2) Grajeda's sentence on Count One of the Indictment charging a violation of 21 U.S.C. §§ 841(a)(2), (b)(1)(B)(ii) and 18 U.S.C. § 2 is REDUCED to time served followed by four years of supervised release.[5]

3) All other terms and conditions previously imposed on Grajeda's supervised release and memorialized in this Court's June 30, 2022 Judgment (Doc. No. 170) remain in effect.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[5] The USMS has confirmed there is an active immigration detainer for Grajeda, who is not a United States citizen.  As this will result in her transfer to immigration custody and her return to Mexico (where, her motion reflects, her family is located), the Court includes no provisions here regarding where Grajeda will live upon release from her sentence in this case.